# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-00314-RGK-AGR | | Date | June 22, 2022 |
|---|---|---|---|---|
| Title | *Equate Media, Inc. et al v. Disha Virendrabhai Suthar et al* | | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     **(IN CHAMBERS) Order re: Defendants' Motion for Judgment as a Matter of Law [DE 146]**

## I.  INTRODUCTION

On January 13, 2021, Equate Media, Inc. ("Equate"), Budget Van Lines, Inc. ("Budget"), Quote Runner, LLC ("Quote Runner"), and Home Expert, Inc. (collectively, "Plaintiffs") filed a lawsuit against Disha Virendrabhai Suthar ("Disha"), Varunkumar Suthar ("Varun"), and Prime Marketing, LLC ("Prime") (collectively, "Defendants"). (*See* Compl., ECF No. 1.) Plaintiffs sought damages and injunctive relief for (1) violations of the Defend Trade Secrets Act ("DTSA"; 18 U.S.C. § 1836), (2) violations of the California Uniform Trade Secrets Act ("CUTSA"; Cal. Civ. Code § 3426), (3) breach of contract, (4) breach of the duty of loyalty, (5) tortious interference with prospective economic relations, (6) tortious interference with contractual relations, (7) civil conspiracy, and (8) unfair competition. (*Id.*)

In their answer, Defendants Disha and Varun asserted counterclaims for wage discrimination (Cal. Labor Code § 1197.5) and violations of California's Fair Employment and Housing Act ("FEHA") against Budget. (*See* ECF No. 21.) Disha and Varun also sought rescission of their "Confidentiality, Work for Hire and Nonsolicitation Agreement" with Plaintiff Budget and a declaratory judgment that the contract is invalid. (*Id.*) The Court dismissed the counterclaims for wage discrimination and violations of FEHA for lack of subject matter jurisdiction. (ECF No. 114.)

The case then proceeded to trial. But before submitting the case to the jury, the Court dismissed *sua sponte* Plaintiffs' claims for breach of the duty of loyalty, tortious interference, civil conspiracy, and unfair competition, finding that CUTSA preempts those claims. *See JEB Grp., Inc. v. San Jose III*, 2020 WL 2790012, at *3 (C.D. Cal. March 31, 2020) ("[CUTSA] supersedes all claims premised on the wrongful taking and use of confidential and proprietary information, even if that information does not meet the statutory definition of a trade secret."). The Court also dismissed three of the four plaintiffs'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-00314-RGK-AGR | Date | June 22, 2022 |
|---|---|---|---|
| Title | *Equate Media, Inc. et al v. Disha Virendrabhai Suthar et al* | | |

breach of contract claims and Defendants' remaining counterclaims, finding that "a reasonable jury would not have a legally sufficient evidentiary basis to find for" either party on their respective claims. Fed. R. Civ. P. 50(a)(1).

Therefore, the Court submitted only the following claims to the jury: Plaintiffs' claims against each defendant for misappropriation of trade secrets and Budget's breach of contract claim against Disha and Varun. The jury ultimately found in favor of Plaintiffs, awarding each plaintiff $1,391,958.08 from each defendant for misappropriation of trade secrets; Budget $137,500 from Disha for breach of contract; and Budget $87,083.33 from Varun for breach of contract. (Jury Verdict, ECF No. 157.)

Before the jury returned its verdict, Defendants filed the instant motion for judgment as a matter of law under Federal Rule of Civil Procedure ("Rule") 50. (*See* ECF No. 146.) For the following reasons, the Court **GRANTS** Defendants' motion.

## II.   FACTUAL BACKGROUND

Plaintiffs alleged the following:

Plaintiffs are four internet marketing businesses that specialize in moving services. Their services match consumers to moving companies based on the route, date, and size of a move. Charlie Katz, Plaintiffs' founder, hired Disha in 2011 as a software engineer. Disha later became Plaintiffs' Information Technology ("IT") Manager and oversaw an IT department. Plaintiffs hired Varun as a project manager. Disha and Varun's positions accorded them access to sensitive, proprietary information and required that they sign a "Confidentiality, Work for Hire and Non-Solicitation Agreement," agreeing to use confidential information in only an authorized manner. In 2020, Disha and Varun resigned.

Disha and Varun used Plaintiffs' confidential information to create and operate Prime, which directly competes with Plaintiffs and uses the same proprietary "strategies to sell the same product offerings to the same top customers." (Compl. ¶ 22.) Disha and Varun began orchestrating their plan in 2018—two years before their resignations. Before their departure, they attempted to delete all data from their company devices. Even so, a forensic specialist discovered that on the day before Varun resigned, he downloaded Plaintiffs' "entire customer database, including customer information related to contacts, pricing, and other customer preference information collected by [Plaintiffs] over 15 years." (Compl. ¶ 119.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-00314-RGK-AGR | Date | June 22, 2022 |
|---|---|---|---|
| Title | *Equate Media, Inc. et al v. Disha Virendrabhai Suthar et al* | | |

### III.    JUDICIAL STANDARD

Before a case is submitted to the jury, a party may move for judgment as a matter of law. Fed. R. Civ. P. 50(a). "If the court does not grant a motion for judgment as a matter of law under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion." Fed. R. Civ. P. 50(b). No later than 28 days after the entry of judgment, the party may file a renewed motion for judgment as a matter of law. *Id*.

A court should grant that motion only if "there is no legally sufficient basis for a reasonable jury to find for that party on that issue." *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 149 (2000). In deciding the motion, the court "must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Id*. Those functions "are jury functions, not those of a judge." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The court grants judgment as a matter of law, therefore, only when "the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to that of the jury." *White v. Ford Motor Co.*, 312 F.3d 998, 1010 (9th Cir. 2002) (quoting *Forrett v. Richardson*, 112 F.3d 416, 419 (9th Cir. 1997)).

### IV.    DISCUSSION

The Court finds that Defendants are entitled to judgment as a matter of law. The evidence presented at trial cannot support the jury's finding on either the claim for breach of contract or misappropriation of trade secrets.

#### A.    Breach of Contract

To recover for breach of contract, Budget had to prove by a preponderance of the evidence that it was harmed. (Court Instr. No. 14, ECF No. 154.) Budget claimed damages for lost profits. Therefore, it also had to prove that "it is reasonably certain it would have earned more profits but for the [] breach of contract." (Court Instr. No. 15.) While the jury did not have to "calculate the amount of the lost profits with mathematical precision," there must have been "a reasonable basis for computing the loss." (Court Instr. No. 16.)

Budget failed to offer sufficient evidence for a reasonable jury to find that Budget was harmed and that it would have earned more profits but for Varun or Disha's breach. Budget introduced a chart that summarized Plaintiffs' purported damages, as well as testimony from expert witness James Pampinella. However, the chart and Mr. Pampinella's testimony showed the damages that all four Plaintiffs allegedly suffered *in the aggregate*. (*See* Tr. Ex. 1064; *see also* Tr. R. Day 2, Volume II, at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-00314-RGK-AGR | | Date | June 22, 2022 |
|---|---|---|---|---|
| Title | *Equate Media, Inc. et al v. Disha Virendrabhai Suthar et al* | | | |

105:11–19.) They did not identify any damages that Budget specifically suffered as a distinct entity. (*See id.*) When asked whether it is correct that you "couldn't tell just by looking at your summary chart [Tr. Ex. 1064] how much damages, in your estimation, has been suffered by [Budget] independently," Mr. Pampinella responded, "That's correct." (Tr. R. Day 2, Volume II, at 106:10–13.)

Without more, a jury could not find that Budget was harmed. The evidence suggests that at least one plaintiff suffered damages, but not necessarily Budget. While the Court must draw inferences in favor of the nonmoving party, those inferences must be reasonable. *Reeves*, 530 U.S. at 149. Inferring that Budget must have independently suffered damages because Plaintiffs suffered some aggregate amount in damages is not reasonable; it is speculation. And speculation is not sufficient to sustain the jury's verdict on breach of contract. Furthermore, the evidence does not provide a reasonable basis for calculating Budget's purported lost profits. The jury could only assume that Budget's damages were the aggregate amount divided by four; but that assumption is also speculative. Although Budget did "not have to prove the exact amount of damages," the jury could "not speculate or guess in awarding damages." (Court Instr. No. 15.)

The evidence "permits only one reasonable conclusion": Budget failed to prove that it was harmed and that it would have earned more profits but for a breach of contract. *White*, 312 F.3d at 1010. Because this conclusion is "contrary to that of the jury," the Court enters judgment as a matter of law for Defendants Varun and Disha on the breach of contract claim.

### B. Misappropriation of Trade Secrets

To prevail on their claims for trade secret misappropriation[1], Plaintiffs had to prove ownership of a trade secret. (Court Instr. No. 18.) "To prove ownership of a trade secret, plaintiffs 'must identify the trade secrets and carry the burden of showing they exist.'" *InteliClear, LLC v. ETC Global Holdings, Inc.*, 978 F.3d 653, 658 (9th Cir. 2020) (quoting *MAI Sys. Corp. v. Peak Comput., Inc.*, 991 F.2d 511, 522 (9th Cir. 1993)). It is "critical" that the "information claimed to have been misappropriated be clearly identified." *Silvaco Data Sys. v. Intel Corp.*, 184 Cal. App. 4th 21, 38 (2010). The "question of whether a trade secret has been adequately identified depends, at least to some degree, upon the nature of the trade secret alleged." *Altavion, Inc. v. Konica Minolta Sys. Lab'y, Inc.*, 226 Cal. App. 4th 26, 52 (2014) (quoting *Burroughs Payment Sys., Inc. v. Symco Grp., Inc.*, 2012 WL 1670163, at *14 (N.D. Cal. May 14, 2012)). But in all cases, a plaintiff must "clearly refer to tangible trade secret material" and "not simply rely upon 'catchall' phrases or identify categories of trade secrets." *InteliClear, LLC*, 978 F.3d at 658 (quoting *Imax Corp. v. Cinema Techs., Inc.*, 152 F.3d 1161, 1164 (9th Cir. 1998)). There must be

---

[1] Plaintiffs bring claims under both the federal DTSA and California CUTSA. "Courts have analyzed these claims together because the elements are substantially similar." *InteliClear, LLC v. ETC Global Holdings, Inc.*, 978 F.3d 653, 657 (9th Cir. 2020). The Court elects to do the same here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-00314-RGK-AGR | Date | June 22, 2022 |
|---|---|---|---|
| Title | *Equate Media, Inc. et al v. Disha Virendrabhai Suthar et al* | | |

enough particularity to distinguish the purported trade secret "from matters of general knowledge in the trade or of special knowledge of those persons who are skilled in the trade." *Altavion*, 226 Cal. App. 4th at 43–44.

This requirement arises at the start of litigation. Before even commencing discovery, a plaintiff "shall identify the trade secret with reasonable particularity." Cal. Civ. Proc. Code § 2019.210. "Until a plaintiff does so, the opposing party and the court literally may not know what the plaintiff is talking about." *Coast Hematology-Oncology Assocs. Med. Grp., Inc. v. Long Beach Mem'l Med. Ctr.*, 58 Cal. App. 5th 748, 758 (2020). "The penalty for failing to make this disclosure is loss of trade secret protection." *Id.* at 756.

Here, Plaintiffs failed to clearly identify a trade secret, eliminating any legally sufficient basis for a reasonable jury to have found that any Plaintiff owned a particular trade secret. Plaintiffs offered the testimony of Charlie Katz. Mr. Katz testified that Defendants misappropriated three categories of trade secrets: (1) GoogleAds data; (2) customer list; and (3) software/source code. (Tr. R. Day 2, Volume I at 81:4–24.)

With respect to the GoogleAds data, Plaintiffs offered evidence that Varun and Disha had access to the password-protected information in Plaintiffs' account, including keywords and quality scores for each keyword, and that two of Prime's websites had the highest "overlap rate"[2] of any of its competitors. Plaintiffs, however, never identified a particular keyword or quality score, and never specified which of the four Plaintiffs own which keywords, if any. Without more, a reasonable jury had no basis to find that any Plaintiff owned any keyword or that the data satisfied the definition of "trade secret." (*See* Court Instr. 19 (defining "trade secret").) It would be mere speculation to conclude that Plaintiffs' GoogleAds information was "secret" without knowing the particulars of that information.

Regarding a customer list, Plaintiffs introduced only one exhibit: Exhibit 58. Mr. Katz testified that Exhibit 58 is a "customer payout top 25 from 2019 to 2021" for Budget and Quote Runner. (Tr. R. Day 2, Volume I at 87:21–25, 89:7; *see* Tr. Ex. 58.) But when asked, "Is Exhibit 58 the customer list that you contend that Mr. Suthar misappropriated from Equate Media?" Mr. Katz responded, "[N]o, that's not what we are talking about." (*Id.* at 92:6–9.) Also, when asked, "Do you contend that Exhibit 58 constitutes the customer list that you contend Mr. Suthar misappropriated from Quote Runner?" Mr. Katz responded, "No, it is not." (*Id.* at 92:19–22.) Given that Exhibit 58 was not the trade secret that Defendants misappropriated, and Plaintiffs never introduced any other customer list, Plaintiffs' evidence

---

[2] Mr. Katz testified that the "overlap rate" does not reflect the percentage of keywords shared between two websites. When asked, "[I]s it your testimony that . . . [one of Prime's websites] has 90 percent of 4 million keywords?" Mr. Katz responded, "No, [overlap rate] doesn't mean that." (Tr. R. Day 2, Volume I at 60:23–61:1.) It is the "overlap between how many times . . . they are in the same auction [for keywords]." (*Id.* at 59:9–10, 17–18.)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-00314-RGK-AGR | | Date | June 22, 2022 |
|----------|------------------------|---|------|---------------|
| Title | *Equate Media, Inc. et al v. Disha Virendrabhai Suthar et al* | | | |

with respect to this category of trade secrets is wholly inadequate. Without clear identification of the purported trade secret, no reasonable jury could find ownership or misappropriation.

Lastly, Plaintiffs argued that Defendants misappropriated source code for Plaintiffs' software, namely Moving Matrix, Movers Direct, and Dijoca. (*See* Tr. R. Day 2, Volume I at 82:7–11.) Plaintiffs, however, go no further. There is "a lack of clarity in the record as to the authorship of the source code and as to precisely what of [Plaintiffs'] source code" Defendants misappropriated. *Citcon USA, LLC v. RiverPay, Inc.*, 2019 WL 2603219, at \*2 (N.D. Cal. June 25, 2019). Plaintiffs never distinguished their source code "from matters of general knowledge in the trade or of special knowledge of those persons who are skilled in the trade." *Altavion*, 226 Cal. App. 4th at 43–44. By failing to identify trade secrets with sufficient particularity, Plaintiffs did not "carry the burden of showing they exist." *InteliClear, LLC*, 978 F.3d at 658.

Because Plaintiffs failed to specifically identify a single trade secret, a jury could not reasonably determine that Defendants misappropriated any trade secret. *See MAI Sys. Corp.*, 991 F.2d at 522 ("Since the trade secrets are not specifically identified, we cannot determine whether [defendant] has misappropriated any trade secrets by running [plaintiff's] operating software and/or diagnostic software in maintaining [plaintiff's] systems for its customers."). The only reasonable conclusion from the evidence is that Plaintiffs failed to prove their misappropriation claims. Accordingly, the Court enters judgment as a matter of law for Defendants on the claims for trade secret misappropriation.

### V.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion for judgment as a matter of law. Defendants shall lodge a proposed judgment that conforms with this order by June 27, 2022.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer

_____