UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-00314-RGK-AGR | Date | February 6, 2024 |
|---|---|---|---|
| Title | *Equate Media, Inc. et al. v. Disha Virendrabhai Suthar et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiffs' Ex Parte Application to Proceed with or Reset Motion for Permanent Injunction (DE [194][195])

On May 27, 2022, a jury found that Disha Virendrabhai Suthar, Varunkumar Suthar, and Prime Marketing, LLC (collectively, "Defendants") had misappropriated trade secrets belonging to Plaintiffs, awarding Plaintiffs $16,928,080.30 in damages. (ECF No. 157.) On June 22, 2022, the Court granted judgment as a matter of law for Defendants, finding that Plaintiffs had failed to establish the existence of their trade secrets during trial. (ECF No. 162.) Plaintiffs appealed, and on November 6, 2023, the Ninth Circuit reversed and remanded, ordering the Court to reinstate the jury verdict. (ECF No. 176.) On December 27, 2023, the Court reinstated the jury verdict. (ECF No. 179.)

On January 5, 2024, Plaintiffs filed a Motion for Permanent Injunction, set for hearing on February 5, 2024. (ECF No. 181.) A few days later, on January 9, 2024, Disha and Varunkumar Suthar filed a Notice of Bankruptcy Filing and Automatic Stay. (ECF No. 182.) Subsequently, on January 29, 2024, Prime Marketing filed a Motion for New Trial, set for hearing on March 4, 2024. (ECF No. 191.) The next day, however, Prime Marketing too filed a Notice of Bankruptcy Filing and Automatic Stay. (ECF No. 192.) Because all Defendants had now filed for bankruptcy and were subject to an automatic stay, the Court terminated all deadlines and hearings and stayed the case. (ECF No. 193.)

Presently before the Court is Plaintiffs' Ex Parte Application to Proceed with or Reset Motion for Permanent Injunction. (ECF No. 195.) Plaintiffs argue that the Court erred in staying its Motion for Permanent Injunction, as injunctive relief ordering a defendant to refrain from tortious conduct falls outside the scope of a bankruptcy stay. The Court agrees.

As far as the Court is aware, the Ninth Circuit has never addressed this issue before. However, as other circuits have recognized, the automatic bankruptcy stay "protects interests in a debtor's property, not tortious uses of that property by the debtor." *Dominic's Rest. Of Dayton, Inc. v. Mantia*, 683 F.3d 757, 760 (6th Cir. 2012) (quoting *Larami Ltd. v. Yes! Entm't Corp.*, 244 B.R. 56, 60 (D.N.J. 2000)); *see also Seiko Epson Corp. v. Nu-Kote Int'l, Inc.*, 190 F.3d 1360, 1364 (Fed. Cir. 1999) (holding that bankruptcy did not preclude an injunction against a debtor in a patent infringement suit). Accordingly,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-00314-RGK-AGR | Date | February 6, 2024 |
|---|---|---|---|
| Title | *Equate Media, Inc. et al. v. Disha Virendrabhai Suthar et al.* | | |

courts routinely allow suits for injunctive relief to proceed against bankrupt debtors. *See, e.g., Larami*, 244 B.R. at 58–60; *Amplifier Rsch. Corp. v. Hart*, 144 B.R. 693, 694–95 (E.D. Pa. 1992); *In re Roman Cath. Church of Archdiocese of New Orleans*, 653 B.R. 524, 535 (E.D. La. 2023). Defendants fail to meaningfully address these cases, instead insisting with minimal authority that the bankruptcy stay is broad, that Plaintiffs' Application is procedurally improper, and that the Application would be futile. Upon review of these cases, the Court is persuaded that the injunctive relief that Plaintiffs seek here—to enjoin Defendants from further misappropriation of Plaintiffs' trade secrets—may proceed despite the bankruptcy stay.

The Court notes, however, that Prime Marketing has a pending Motion for New Trial. Should the Court find a new trial necessary, Plaintiffs' Motion for Permanent Injunction would be moot. The Court therefore finds it appropriate to lift the stay as to both Motions and defer ruling on the Motion for Permanent Injunction until the Motion for New Trial has been fully briefed.

Accordingly, the Court **GRANTS** Plaintiffs' Application [194] [195]. The Court **LIFTS THE STAY** as to both Plaintiffs' Motion for Permanent Injunction and Prime Marketing's Motion for New Trial. Plaintiffs' Motion for Permanent Injunction, having been fully briefed, has been taken under submission. The hearing on Prime Marketing's Motion for New Trial shall be reset to **March 11, 2024**.

**IT IS SO ORDERED.**

| | : | |
|---|---|---|
| | Initials of Preparer | JRE/sf |