UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-00314-RGK-AGR | Date | March 20, 2024 |
| Title | *Equate Media, Inc. et al. v. Disha Virendrabhai Suthar et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiffs' Motion for Permanent Injunction and Defendants' Motion for New Trial [DEs 181, 191]

## I. INTRODUCTION

On May 27, 2022, a jury found that Disha Virendrabhai Suthar, Varunkumar Suthar, and Prime Marketing, LLC (collectively, "Defendants") had misappropriated trade secrets belonging to Equate Media, Inc., Budget Van Lines, Inc., Quote Runner, LLC, and Home Expert, Inc. (collectively, "Plaintiffs") in violation of the California Uniform Trade Secrets Act ("CUTSA"). (ECF No. 157.) The jury awarded Plaintiffs $16,928,080.30 in damages. (*Id.*) On June 22, 2022, the Court granted judgment as a matter of law for Defendants, finding that Plaintiffs had failed to establish they possessed a valid trade secret during trial. (ECF No. 162.) Plaintiffs appealed, and on November 6, 2023, the Ninth Circuit reversed and remanded, ordering the Court to reinstate the jury verdict. (ECF No. 176.) On December 27, 2023, the Court reinstated the jury verdict. (ECF No. 179.)

Presently before the Court is Plaintiffs' Motion for Permanent Injunction and Defendants' Motion for New Trial or, in the Alternative, Reduction of Damages. (ECF Nos. 181, 191.) For the following reasons, the Court **GRANTS** Plaintiffs' Motion and **DENIES** Defendants' Motion. The Court begins with Defendants' Motion.

## II. DEFENDANTS' MOTION FOR NEW TRIAL

After a jury trial, a court may grant a new trial to a party "for any reason for which a new trial has [] been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). Because Rule 59 does not specify the grounds on which a court may grant a motion for a new trial, the court is "bound by those grounds that have been historically recognized." *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1035 (9th Cir. 2003). Those grounds include, but are not limited to, claims that the verdict is against the weight of the evidence, that the damages are excessive, that the trial was not fair to the moving party, that the jury instructions were erroneous or inadequate, or that the court made incorrect and prejudicial admissibility rulings. *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-00314-RGK-AGR | Date | March 20, 2024 |
|---|---|---|---|
| Title | *Equate Media, Inc. et al. v. Disha Virendrabhai Suthar et al.* | | |

When a jury's damage award appears excessive, and therefore against the weight of the evidence, a court has the discretion to order a new trial "conditioned on the verdict winner's refusal to agree to a reduction (remittitur)." *Id.* A remittitur must reflect "the maximum amount" of damages supported by the evidence. *Oracle Corp. v. SAP AG*, 765 F.3d 1081, 1094 (9th Cir. 2014). In calculating the maximum amount, the court "need not view the evidence from the perspective most favorable to the prevailing party." *See Landes Const. Co., Inc. v. Royal Bank of Can.*, 833 F.2d 1365, 1371–72 (9th Cir. 1987). If remittitur is appropriate, the court cannot impose a lesser award unilaterally. Rather, the court must offer the prevailing party the alternative of a new trial. *Hetzel v. Prince William Cnty.*, 523 U.S. 208, 211 (1998) ("to enter judgment for a lesser amount than that determined by the jury without allowing petitioner the option a new trial[ ] cannot be squared with the Seventh Amendment."). If the prevailing party opts for a new trial, such a trial should be limited to damages unless the issues of liability and damages are intertwined or evidence in the record shows that "passion or prejudice affected the jury's verdict on liability." *Cosby v. AutoZone, Inc.*, 445 Fed. Appx. 914, 917 (2011) (citing *Watec Co. v. Liu*, 403 F.3d 645, 655 (9th Cir. 2005)).

Defendants argue that the Court should order a new trial or impose remittitur because: (1) the Ninth Circuit erroneously found that Plaintiffs possessed a valid trade secret; (2) there was insufficient evidence to support the jury's damages award; and (3) new evidence demonstrates that the jury's damages award was excessive. Each of these arguments fail.

Defendants' first two arguments fail because they challenge issues that were decided by the Ninth Circuit. The Ninth Circuit expressly found that there was sufficient evidence for the jury to find that Plaintiffs possessed a valid trade secret, and that Plaintiffs were entitled to $16,928,080.30 in damages. *Equate Media, Inc. v. Suthar*, 2023 WL 7297328, at *1–2 (9th Cir. Nov. 6, 2023). Under the "rule of mandate" doctrine, these issues were "finally settled" by the Ninth Circuit, depriving this Court of jurisdiction to review them, "even for [alleged] apparent error." *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255 (1895). Accordingly, these arguments fail.

Defendants' third argument fails because Defendants fail to demonstrate that the "newly discovered evidence" rule applies. A court may relieve a party from judgment if a party provides newly discovered evidence that: "(1) existed at the time of trial, (2) could not have been discovered through due diligence, and (3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990). Here, Defendants fail to meet the first two prongs of this rule. Defendants submit new financial documents demonstrating that their profits between January 2021 and December 2022 were a small fraction of the jury's damages award, indicating that the award was excessive. But because these documents include profits for the months following the May 2022 jury trial, the documents necessarily did not exist at trial, thereby failing the first prong. However, to the extent that some of this information did exist at the time of trial—namely, Defendants' profits prior to the May 2022 jury trial—Defendants fail to demonstrate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-00314-RGK-AGR | Date | March 20, 2024 |
|---|---|---|---|
| Title | *Equate Media, Inc. et al. v. Disha Virendrabhai Suthar et al.* | | |

that this information could not have been discovered through due diligence under the second prong. Defendants' financial data was presumably within their custody and control. Minimal effort would have been required to locate it, produce it in discovery, and present it at trial. Defendants offer no explanation for why they could not have made this minimal effort in exercising due diligence. Indeed, Defendants concede that this information would have been discovered through due diligence, as they accuse their former trial counsel of incompetence for failing to do so. However, allegedly inadequate representation is not a recognized basis for a new trial. *See Simplicity Int'l v. Genlabs Corp.*, 2010 WL 11515267, at *3 (C.D. Cal. Sept. 9, 2010) (citing *Mekdeci v. Merrell Nat'l Labs.*, 711 F.2d 1510, 1522–23 (11th Cir. 1983)). Thus, this argument also fails.

Because Defendants' arguments for a new trial or remittitur fail, the Court **DENIES** Defendants' Motion for New Trial.

### III.     PLAINTIFFS' MOTION FOR PERMANENT INJUNCTION

Under CUTSA, a prevailing plaintiff may receive an injunction to prevent "actual or threatened misappropriation" of trade secrets. Cal. Civ. Code § 3425.2(a). To receive a permanent injunction, a prevailing plaintiff must satisfy a four-factor test by demonstrating: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Additionally, Federal Rule of Civil Procedure 65(d) "requires that any injunction or restraining order be 'specific in terms' and describe in reasonable detail . . . the act or acts sought to be restrained." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1132 (9th Cir. 2006) (quoting Fed. R. Civ. P. 65(d)).

Plaintiffs argue that they are entitled to a permanent injunction because they satisfy all four factors. Defendants disagree, arguing that Plaintiffs never possessed any trade secrets and thus fail to satisfy any of the factors. Defendants' argument is little more than an attempt to challenge the jury's verdict and the Ninth Circuit's holding, which as explained above, is wholly improper and does not merit any further analysis. As discussed below, the Court agrees with Plaintiffs that an injunction is necessary. The Court analyzes the four factors in turn.

First, Plaintiffs have suffered an irreparable injury. As numerous courts have recognized, "[a] finding of misappropriation is generally adequate for a finding of irreparable injury in trade secret cases." *Monster Energy Co. v. Vital Pharms., Inc.*, 2023 WL 8168854, at *18 (C.D. Cal. Oct. 6, 2023) (quoting *Comet Techs. USA Inc. v. XP Power LLC*, 2022 WL 4625149, at *2 (N.D. Cal. Sept. 30, 2022)). Here, a jury found that Defendants misappropriated Plaintiffs' trade secrets, thereby establishing an irreparable injury. Additionally, Plaintiffs demonstrated at trial that Defendants' misappropriation caused Plaintiffs to "los[e] exclusivity of its trade secret information," further irreparably harming

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-00314-RGK-AGR | Date | March 20, 2024 |
|---|---|---|---|
| Title | *Equate Media, Inc. et al. v. Disha Virendrabhai Suthar et al.* | | |

Plaintiffs' competitive advantage and market position. *Id.* (citing *Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*, 2013 WL 890126, at *9 (N.D. Cal. Jan. 23, 2013)).

Second, legal remedies like damages are insufficient to compensate Plaintiffs. While the jury's award of monetary damages may address Defendants' past misappropriation, the award fails to address or prevent Defendants from future misappropriation. *See, e.g., Universal Bldg. Maint. LLC v. Calcote*, 2022 WL 18397628, at *6 (C.D. Cal. Nov. 7, 2022) ("Monetary damages are inadequate because without equitable relief, [the defendant] can still possess and use the confidential information."). In order to protect against future misappropriation, injunctive relief is necessary.

Third, the balance of hardships favors an injunction. The terms of the injunction set forth below are narrowly tailored to enjoin Defendants only from certain conduct involving Plaintiffs' trade secrets. This injunction does not restrain Defendants from any lawful conduct, and thus imposes no hardship upon Defendants. *Monster Energy Co.*, 2023 WL 8168854, at *19 (noting that a permanent injunction restraining a defendant from further misappropriation "would not work any hardship on [the defendant], which has no right to use the information in the first place.") (quoting *Vinyl Interactive, LLC v. Guarino*, 2009 WL 1228695, at *8 (N.D. Cal. May 1, 2009)).

Finally, an injunction would be in the public interest. As numerous courts have recognized, "[t]he public has a strong interest in ensuring trade secrets are protected." *Comet Techs. USA Inc. v. Beurman*, 2018 WL 1990226, at *5 (N.D. Cal. Mar. 15, 2018); *see also Monster Energy Co.*, 2023 WL 8168854, at *19 ("[T]he public interest favors the vindication of intellectual property rights.") (collecting cases).

Having found that each of the four factors are satisfied, the Court **GRANTS** Plaintiffs' Motion for Permanent Injunction.

## IV.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' Motion for New Trial and **GRANTS** Plaintiffs' Motion for Permanent Injunction.

The Court hereby **PERMANENTLY ENJOINS** Defendants and their affiliates, agents, employees, representatives, officers and any persons or entities acting in concert therewith, from using, copying, disclosing, taking, or receiving, any trade secrets belonging to Plaintiffs, including but not limited to Plaintiffs' source codes, software, advertising keywords, and customers list. Plaintiffs' trade secrets further include: Plaintiffs' marketing data and strategies, Google Ads accounts, client pricing and purchase histories.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-00314-RGK-AGR | Date | March 20, 2024 |
|---|---|---|---|
| Title | *Equate Media, Inc. et al. v. Disha Virendrabhai Suthar et al.* | | |

**IT IS SO ORDERED.**

                                                                                                                   _____ : _____

Initials of Preparer